IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40148
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ANTONIO GIRALDI,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
(B-93-CR-28-6)
_____

February 4, 1998

Before KING, EMILIO M. GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-appellant Antonio Giraldi was convicted and sentenced on seventeen counts of money laundering, conspiracy, bank fraud, and misapplication of bank funds. We affirmed his judgment of conviction and sentence in a previous opinion. See United States v. Giraldi, 86 F.3d 1368 (5th Cir. 1996). Giraldi now appeals the district court's subsequent denial of his motion for a new trial based upon newly discovered evidence without first conducting an evidentiary hearing. We affirm.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Defendant-appellant Antonio Giraldi was an international private banker with Bankers Trust Co. and American Express Bank International with responsibility in the Mexican market.  He recruited and serviced deposits from wealthy Mexican individuals.  One of his clients was Ricardo Aguirre.  Aguirre represented himself as a wealthy businessman, but in actuality, he was fronting for drug trafficker Juan Garcia Abrego.  Giraldi's conviction is based upon his handling of the funds Aguirre deposited in the bank through him.  For a complete description of the facts adduced at trial, see Giraldi, 86 F.3d 1368.

Giraldi was convicted of one count of conspiracy to commit money laundering, ten counts of money laundering, two counts of bank fraud, and four counts of misapplication of bank funds.  After his judgment of conviction and sentence and the denial of his motion for a new trial were affirmed, Giraldi filed a second motion for a new trial in the district court based upon newly discovered evidence.  At the district court, Giraldi put forward four grounds for a motion for a new trial, but he only appeals its denial in relation to two of the grounds: (1) false testimony by a government witness and (2) the government's knowing use of false testimony of another witness.[1]

---

[1] Accordingly, the two other grounds for a new trial argued in the district court are deemed abandoned.  United States v. Rawls, 85 F.3d 240, 243 (5th Cir. 1996).

In relation to the first claim, Amy Elliot testified that it is standard policy in international private banking to know one's client in order to be certain that the client's funds are from legitimate sources. She explained that she had trained Giraldi in this vetting process when he worked at Citibank prior to his departure for Bankers Trust. Elliott testified that this policy was "inflexible." She also testified that she did not have any former Mexican politicians or their family members as clients.

Since the trial, it has come out in the press that Citibank and Elliott handled the account of Raul Salinas de Gortari, the brother of the then Mexican president. Press reports suggest that Elliott may not have followed the policy of knowing one's client in dealing with Salinas. Salinas's money likely was from illegitimate sources and was handled by Elliott. Citibank's client list also included former Mexican politicians and their family members.

In relation to the second claim, U.S. Customs Agent Ventura Cerda testified that Giraldi's father was a banker and owned a Panamanian bank. The questions and answers suggested that this was Giraldi's father's situation at the time of trial. The questioning also went on to point out the difficulty the agent had in getting information from Panama about any accounts there. In reality, Giraldi's father had never owned a Panamanian bank except for two brief periods of ownership of stock, and at the time of trial, he had not worked in the banking industry for

3

several years.  According to Giraldi, the government was aware of the falsity of Cerda's statements from the deposition it took of Giraldi's father.  In the deposition excerpt in the record, Giraldi's father was asked about his position at a Panamanian bank, and it was evident that he was currently retired, but the deposition excerpt does not include any questions about bank ownership by Giraldi's father.

## II.  STANDARD OF REVIEW

We review a district court's denial of a motion for a new trial for an abuse of discretion.  See United States v. Dula, 989 F.2d 772, 778 (5th Cir. 1993).  The district court's decision not to hold an evidentiary hearing is also reviewed for an abuse of discretion.  See United States v. Blackburn, 9 F.3d 353, 358 (5th Cir. 1993).  The familiarity with a case that a judge gains from presiding over the trial makes motions for a new trial directed to the same judge "'particularly suitable for ruling without a hearing.'"  United States v. MMR Corp., 954 F.2d 1040, 1046 (5th Cir. 1992) (quoting United States v. Hamilton, 559 F.2d 1370, 1373 (5th Cir. 1977)).  Allegations of false testimony or prosecutorial misconduct do not compel an evidentiary hearing. Id.; see also United States v. Chagra, 735 F.2d 870, 874 (5th Cir. 1984) (finding that a denial of an evidentiary hearing was not an abuse of discretion where the prosecutor's knowing use of false testimony was alleged).

4

### III. DISCUSSION

Giraldi argues that the newly discovered evidence revealing Elliott's false testimony and the government's knowing presentation of Cerda's false testimony require that he be granted a new trial or at least an evidentiary hearing on his motion for a new trial to develop the evidence. He argues that because we found that his was a "close case" when we affirmed his conviction, the newly discovered evidence combined with the closeness of the case requires that we grant him a new trial.[2] We disagree.

### A. False Testimony

Motions for a new trial based upon newly discovered evidence are disfavored by the courts and should be viewed with great caution. United States v. Mulderig, 120 F.3d 534, 545 (5th Cir. 1997), petition for cert. filed, 66 U.S.L.W. 3364 (U.S. Nov. 12, 1997) (No. 97-805). Newly discovered evidence requires the granting of a motion for a new trial when

> (1) the evidence was newly discovered and unknown to the defendant at the time of trial; (2) failure to detect the evidence was not a result of lack of due diligence by the defendant; (3) the evidence is material, not merely cumulative or impeaching; and (4)

---

[2] Giraldi also argues that government misconduct in its closing argument also supports granting a new trial. However, the government misconduct of which he complains was addressed in our prior opinion and was found not to have had the potential to mislead the jury. See Giraldi, 86 F.3d at 1374-75 (discussing a comment by the prosecutor that suggests a particular person did not exist).

the evidence will probably produce an acquittal. United States v. Ardoin, 19 F.3d 177, 181 (5th Cir. 1994). Evidence that does not directly contradict the testimony of a witness and is only relevant to the credibility of the witness is merely impeaching. United States v. Time, 21 F.3d 635, 642 (5th Cir. 1994).

Giraldi presents several news reports to show that Elliott did not herself always follow the "inflexible" policy of knowing one's client about which she testified and that she did have the relatives of current and former Mexican politicians as clients. These news reports do bring into question whether Elliott followed the vetting policy, but not what the policy required. The government elicited testimony from Elliott on only the Citibank policy and information that would show that Giraldi lied to his superiors regarding the particulars of the credentials of the person he claimed had referred Aguirre to him. The testimony about Mexican politicians was elicited on cross-examination by the defense.

Even assuming that Giraldi's characterization of what the news reports show is correct, the new evidence is not material and some is merely impeaching. The new evidence only directly contradicts Elliott's testimony about the collateral issue of having former Mexican politicians and their family members as clients. Additionally, the questioning in relation to a specific former Mexican politician on cross-examination suggests that

Giraldi's counsel were on notice that Elliott may not have been truthful, and their failure to follow up on this information suggests a lack of due diligence. In relation to the vetting policy, the new evidence is merely impeaching, and as the district court noted, the critical issue was whether Bankers Trust had such a policy when Giraldi took on Aguirre as a client. Elliott was not the only witness to testify about industry standards on knowing one's clients, and the fact that Bankers Trust had a similar policy as shown by other testimony makes the at best marginal impeachment of Elliott's testimony that would have resulted from disclosing the alleged falsehood to the jury unlikely to produce an acquittal.

Giraldi argues that our prior opinion noting the close nature of the case makes his case stronger. However, this court's prior decision noted the closeness of this case on a sufficiency of the evidence challenge in relation to the circumstantial nature of all the evidence. Giraldi, 86 F.3d at 1374. The volume of the circumstantial evidence is insignificantly diminished by drawing Elliott's testimony into question and does not make an acquittal any more probable.

**B.   Government's Knowing Use of False Testimony**

A motion for a new trial based upon newly discovered evidence that the government knowingly used false testimony must be granted "if there was any reasonable likelihood that the false

7

testimony affected the judgment of the jury." MMR Corp., 954 F.2d at 1047. The defendant must still meet the first three prongs of the newly discovered evidence test: (1) the evidence was newly discovered and unknown to the defendant at the time of trial; (2) the failure to detect the evidence was not a result of lack of due diligence by the defendant; and (3) the evidence is material, not merely cumulative or impeaching. Id.

Giraldi argues that the testimony by agent Cerda that his father owned a bank and was currently a banker meets the above requirements, mandating that he be granted a new trial, but Giraldi's claim fails on at least the first two prongs of the newly discovered evidence test. First, newly discovered evidence is evidence of which the defendant did not know before or at trial. Giraldi never contends that he did not know that his father was unemployed at the time of trial or that his father did not own a Panamanian bank. Giraldi only contends that he did not know what the government knew and therefore did not know the magnitude of the government misconduct until after trial. Second, if this evidence was critical, Giraldi, through the exercise of minimal due diligence, could have chosen to contact his father to determine the veracity of Cerda's testimony. On this record, there is no reason to think that Giraldi's father would not have been cooperative.

Because Giraldi cannot meet the first two prongs of the newly discovered evidence test, whether the government knew that

8

the testimony was false does not change the result. The falsity of Cerda's testimony is not newly discovered evidence that could not have been discovered through Giraldi's exercise of due diligence, and therefore, the district court did not abuse its discretion in denying Giraldi's motion for a new trial. Nor did the district court abuse its discretion in ruling without an evidentiary hearing because taking the facts as alleged by Giraldi in either case does not require that he be granted relief.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's denial of Giraldi's motion for a new trial.